Jabbar COLLINS, Plaintiff–Appellant,

v.

CITY OF NEW YORK, New York City Department of Probation, David H. Yin, individually, and as Assistant General Counsel for the New York City Department of Probation, Defendants–Appellees.

No. 07–4098–pr.

United States Court of Appeals, Second Circuit.

June 12, 2009.

Jabbar Collins, pro se, Stormville, NY.

Elizabeth S. Natrella (Leonard Koerner, on the brief) for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Appellees.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Jabbar Collins, *pro se*, appeals the district court's dismissal of his claims for monetary, injunctive, and declaratory relief for defendants' alleged violation of his federal and state law rights (1) to know the identities of the public officials who allegedly intervened in the probation-violation proceedings of two probationers and (2) to access documents allegedly filed *ex parte* by the New York City Probation Department in connection with one of those proceedings.[1] We review the district court's 12(b)(6) dismissal of Collins's complaint *de novo, see Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir.2008), construing his *pro se* pleadings liberally, *see Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Boykin v. KeyCorp,* 521 F.3d 202, 214 (2d Cir.2008). We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision.

Collins contends that his federal claims should not have been dismissed because he adequately pleaded a First Amendment entitlement to access documents filed in connection with court proceedings, specifically, charged violations of probation and to information associated therewith. This court has construed the First Amendment right of access to court proceedings, *see Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Westmoreland v. Columbia Broad. Sys., Inc.,* 752 F.2d 16, 23 (2d Cir.1984), to include a qualified right of access to documents filed in connection with such proceedings, *see Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 91, 96

---

1. Having dismissed these federal claims, the district court declined to exercise supplemental jurisdiction over the companion state law claims. Because Collins does not challenge that aspect of the district court's judgment, we deem any such argument waived. *See In re U.S. Wireless Data, Inc.,* 547 F.3d 484, 492 (2d Cir.2008).

(2d Cir.2004) (recognizing qualified right of access to docket sheets subject to specific sealing orders of the court). Assuming *arguendo* that this right extends to court proceedings relating to violations of probation, Collins, nevertheless, fails to state a claim because he nowhere alleges that he ever sought the desired documents and information from the court where the proceedings were purportedly conducted. Much less has he pleaded that the court denied him access. Precisely because the right is one of access *to the courts*, Collins's pleading against the Probation Department is insufficient to state a First Amendment claim. *See id.* at 85 (analyzing alleged "violation by *state courts* " (emphasis added)).

In light of this defect, we need not here decide whether Collins has plausibly pleaded that probation violation proceedings in fact occurred in the state court. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). A concern arises on this point because Collins does not assert personal knowledge of such proceedings; he does not plead that a court docket sheet reflects such a proceeding; and he does not plead any other facts supporting the proceedings' existence. The omissions are noteworthy because, in response to Collins's request for document production under the New York Freedom of Information Law, the defendant Probation Department specifically stated that no violation proceedings had been filed. Plainly, a plaintiff cannot complain of a lack of access to court proceedings if no proceedings were conducted.

Nor need we decide here whether, in extraordinary circumstances where a court could not itself produce documents that it acknowledged had been filed in a case, we would permit a plaintiff to pursue a right of access claim against third parties who themselves possessed the court documents. *Cf. Littlejohn v. BIC Corp.,* 851 F.2d 673, 683 (3d Cir.1988) (holding that, "absent allegations of fraud or other extraordinary circumstances," documents restored to owner after case's completion are no longer "judicial records" subject to public inspection). In the absence of any effort to secure the documents and information in the first instance from the court, Collins plainly cannot show extraordinary circumstances.

The judgment of the district court is AFFIRMED.