**Jabbar COLLINS, Plaintiff–Appellant,**

v.

**William MILLER, individually, and as Supervising Judge of the Brooklyn Criminal Court, Judicial Hearing Officer Bianchi, individually and as a Judicial Hearing Officer for the Brooklyn Criminal Court, Judicial Hearing Officer Matthews, individually, and as Judicial Hearing Officer for the Brooklyn Criminal Court, Defendants–Appellees.\***

---

\* The Clerk of Court is directed to amend the official caption to conform with the list of

No. 07–4510–pr.

United States Court of Appeals,
Second Circuit.

July 10, 2009.

Jabbar Collins, Stormville, NY, Plaintiff–Appellant pro se.

Carol Fischer, Assistant Solicitor General, Michael S. Belohlavek, Senior Counsel, Division of Appeals and Opinions, for Andrew M. Cuomo, Attorney General for the State of New York, New York, NY, for Defendants–Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, B.D. PARKER, Circuit Judge, and NICHOLAS TSOUCALAS,** Judge, U.S. Court of International Trade.

## SUMMARY ORDER

Jabbar Collins, *pro se*, appeals from the district court's dismissal of his claims seeking declaratory and injunctive relief for defendants' alleged violations of his federal and state law rights to: (1) access court proceedings; (2) inspect and copy

parties above.

** The Honorable Nicholas Tsoucalas, Senior Judge of the United States Court of International Trade, sitting by designation.

judicial records; and (3) investigate public officials to determine if they exercised inappropriate influence on pending criminal proceedings. We review the district court's dismissal of Collins's complaint *de novo*, *Vietnam Ass'n for Victims of Agent Orange v. DowChem. Co.*, 517 F.3d 104, 115 (2d Cir.2008), and we construe his *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir.2008). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

We may affirm a decision "on any ground for which there is a record sufficient to permit conclusions of law." *Olsen v. Pratt & Whitney Aircraft*, 136 F.3d 273, 275 (2d Cir.1998) (internal quotation marks omitted). We therefore affirm dismissal on the grounds that: (1) the motion was untimely; (2) Collins failed to state a First Amendment right of access claim; and (3) Collins failed to plausibly plead the secret proceedings alleged.

[1] A § 1983 action filed in this Circuit is subject to New York's three-year statute of limitations for personal injury actions. *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir.1997). The claim accrues at "that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980) (internal quotation marks omitted).

Collins was convicted in April 1995 and the secret proceedings at issue purportedly occurred that same month. If Collins was aware of Santos's secret deals at that time—and Collins admitted receiving a copy of Santos's rap sheet at the time of trial—the action should have been filed no later than April of 1998. Instead, the action was not filed until September 2006,

and Collins has failed to explain his filing delay. He adduces no evidence to show that he could not through the exercise of reasonable diligence have become aware of the purported secret agreements and proceedings on an earlier date. The action is untimely.

[2] In this Circuit, the First Amendment right of access to court proceedings includes a qualified right of access to documents filed in connection with such proceedings. *See Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91–96 (2d Cir.2004). However, Collins failed to state a First Amendment denial of access claim here because he does not allege that he ever sought the desired documents and information from the Criminal Court, let alone that the court denied him access.

Collins has not plausibly pleaded that secret in-chambers proceedings involving Angel Santos actually occurred. *See Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted). Collins has not asserted personal knowledge of the proceedings and has not pleaded any other facts indicating that a proceeding took place. A complete history of the court appearances in Santos's case does not list April 13, 1995 as a date upon which Santos appeared before the judicial hearing officers. A plaintiff cannot complain of a lack of access to court proceedings if he cannot plausibly allege that such proceedings were conducted.

The judgment of the district court is AFFIRMED.