19-3477
*McCrary v. Marks*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty-one.

PRESENT:
    JOHN M. WALKER, JR.,
    ROBERT D. SACK,
    RICHARD J. SULLIVAN,
     *Circuit Judges.*

_____

JC McCrary,

    *Plaintiff-Appellant*,

   v.               19-3477

John G. Marks, Individually and in his official capacity, David Rich, Individually and in his official capacity,

    *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**   JC McCrary, *pro se*, Napanoch, NY.

**FOR DEFENDANTS-APPELLEES:**  Jackie L. Gross, Deputy County Attorney, *for* Jared Kasschau, Nassau County Attorney, Nassau County Attorney's Office, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

JC McCrary, *pro se* and incarcerated, appeals the district court's judgment dismissing his civil rights action under 42 U.S.C. § 1983. McCrary claimed that John Marks, the executive director of the Nassau County Traffic and Parking Violations Agency ("TPVA"), violated his First Amendment rights by refusing to mail him another person's traffic records. The district court granted Marks's motion to dismiss, concluding that McCrary had not stated a claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

This Court "review[s] the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). In doing so, "[w]e may affirm on any ground that finds support in the record." *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019).

The First Amendment and the common law both "protect[] the public's right to have access to judicial documents." *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141–42 (2d Cir. 2016). This right of access affords the public "a general right to inspect and copy public records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

Here, we agree with the district court that McCrary failed to plausibly allege that he actually requested the records from the TVPA. After receiving McCrary's letter, the TVPA sent McCrary a form to which he did not respond. Having failed to complete and return that form, McCrary has not alleged that he was denied the documents he seeks; at most, he merely speculates that

completing the form would have been futile. McCrary has therefore failed to allege a plausible denial of access claim for the simple reason that he has not alleged the most basic element of such a claim: that he was denied access to the documents he seeks. *See Sheppard v. Beerman*, 18 F.3d 147, 151–52 (2d Cir. 1994) (explaining that even if the allegations in the complaint are true, "they do not indicate that [the plaintiff] was denied a right of access to criminal proceedings" because, among other things, the plaintiff "admits that he was allowed to examine files outside of [the] courtroom"); *see also Collins v. Miller*, 338 F. App'x 34, 36 (2d Cir. 2009) (noting that the plaintiff "failed to state a First Amendment denial of access claim . . . because he d[id] not allege that he ever sought the desired documents and information from the Criminal Court, let alone that the court denied him access"); *Collins v. City of New York*, 336 F. App'x 9, 11 (2d Cir. 2009) (similar).

We further conclude that McCrary failed to allege Marks's personal involvement. *See Tangreti v. Bachmann*, 983 F.3d 609, 618–19 (2d Cir. 2020) (explaining the standard for supervisory liability). Drawing all inferences in McCrary's favor, the most he has alleged is that Marks received his letter and directed someone at the TVPA to respond to it. That is clearly not enough to state a claim against Marks. *See id.*

We have considered all of McCrary's remaining arguments and find them to be meritless. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3