**Abdel–Jabor MALIK, Plaintiff–Appellant,**

**v.**

**Parole Officer George MACKEY, Defendant–Appellee.**

**No. 06–5837–pr.**

United States Court of Appeals, Second Circuit.

March 5, 2008.

Abdel–Jabor Malik, Dannemora, NY, pro se.

Barbara D. Underwood, Solicitor General (Michael S. Belohlavek, Senior Counsel, and Daniel J. Chepaitis, Assistant Solicitor General, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, New York, NY, for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

*Pro se* plaintiff Abdel–Jabor Malik ("Malik") appeals the March 31, 2006 judg-

ment of the district court, granting defendant-appellee's motion for summary judgment on the ground of qualified immunity. Malik brought this civil rights damages action against George Mackey, a New York state parole officer, alleging Mackey violated his constitutional rights by knowingly filing false parole violation charges. In 1997, when Malik was on parole after serving consecutive prison terms for unrelated state and federal crimes, he was required to report to both state and federal parole officers. He admittedly violated two conditions of his state parole supervision by failing to advise Mackey of a change in residence and failing to report to Mackey's office. At a preliminary hearing following Malik's arrest for these parole violations, Malik said that he believed there was a cooperation agreement between the state and federal agencies permitting him to report to only the latter. That belief was incorrect, it turns out; but the state hearing officer concluded there was no probable cause to find that Malik violated his parole conditions "in an important respect," and he was released. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a grant of summary judgement *de novo* and if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson*, 321 F.3d 292, 300 (2d Cir.2003). "[D]amages suits concerning constitutional violations need not proceed to trial, but can be terminated on a properly supported motion for summary judgment based on the defense of immunity." *Butz v. Economou*, 438 U.S. 478, 508, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). For substantially the reasons stated in the district court's opinion, *Malik v. Mackey*, No. 03–cv–0580 (TPG), 2006 WL 846343 (S.D.N.Y. Mar. 31, 2006), we agree that Mackey is entitled to qualified immunity on Malik's constitutional claims.

A government official is entitled to immunity from § 1983 suits if "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996); *see also Scotto v. Almenas*, 143 F.3d 105, 112–13 (2d Cir.1998) (qualified immunity analysis applies to parole officer determination to recommend issuance of arrest warrant). Based on the undisputed testimony that Malik failed to advise Mackey of a change of address and failed to report, Mackey reasonably believed that Malik had violated the terms of his parole. The reasonableness of Mackey's actions is not impaired by the hearing officer's later determination that the violations were not significant and Malik should be released. Even if Mackey had been mistaken in his belief that Malik had violated his parole, qualified immunity protects him as long as his belief was reasonable. *See Butz v. Economou*, 438 U.S. at 507, 98 S.Ct. 2894 ("Federal officials will not be liable for mere mistakes in judgment, whether the mistake is one of fact or one of law."); *Moore v. Vega*, 371 F.3d 110, 117 (2d Cir.2004) ("a mistake while engaging in the performance of an official duty ... does not deprive a government officer of immunity").

We have considered Malik's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.