**George H. ROBERTS, Sr. and Shirle Roberts as Executors of the ESTATE OF George H. ROBERTS, II, Plaintiffs–Appellants,**

v.

**Wayne LAPP, Parole Officer, New York State Division of Parole, John Doe, Parole Officer, New York State Division of Parole, The City of Buffalo, John Molenda, Buffalo Police Officer, and David Greenway, Buffalo Police Officer, Defendants–Appellees.[1]**

No. 07–2606–cv.

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

Louis Rosado, Esq., Buffalo, NY, for Plaintiffs–Appellants.

Frank Brady, Esq., Assistant Solicitor, Barbara D. Underwood, Esq., Solicitor General, Andrew D. Bing, Esq., Deputy Solicitor General, for Andrew M. Cuomo, Attorney General, Albany, NY, for Defendant–Appellee Lapp.

Timothy A. Ball, Esq., Alisa A. Lukasiewicz, Esq., City of Buffalo Department of Law, Buffalo, NY, for Defendants.

Present DENNIS JACOBS, Chief Judge, RICHARD C. WESLEY, Circuit Judge, RICHARD J. ARCARA, District Judge.[2]

---

1. The individual named defendants are sued in their personal and individual capacities only.

2. The Honorable Richard J. Arcara, United States District Court for the Western District of New York, sitting by designation.

## SUMMARY ORDER

George Roberts Sr. and Shirle Roberts, as executors of the Estate of George Roberts II, appeal a decision of the United States District Court for the Western District of New York (Skretny, J.) entering summary judgment in favor of all defendants on all the Roberts' claims. While the decedent was on parole following his conviction for attempted assault, he was seen in the neighborhood of his assault victims in circumstances that suggested to the officers that he was violating his parole terms. Officers Molenda and Greenway stopped Roberts and arrested him for violating his parole terms and obstructing a police investigation. After a state court dismissed those charges, Roberts initiated this § 1983 suit alleging that his parole officer and the arresting police officers violated his rights under the Fourth, Fifth, and Fourteenth Amendments. All defendants moved for summary judgment, and the district court ruled, *inter alia*, that Probation Officer Lapp and Officers Molenda and Greenway were entitled to qualified immunity. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

The Roberts argue that Lapp is not entitled to qualified immunity. Parole officers are entitled to qualified immunity when they perform their non-judicial and non-prosecutorial tasks, provided that they do not violate clearly established constitutional norms of which an objectively reasonable person should have been aware. *Scotto v. Almenas,* 143 F.3d 105, 111–13 (2d Cir.1998). The district court ruled that Lapp did not violate any of Roberts's clearly established constitutional rights when he recommended that a parole warrant be issued because he reasonably relied on the information he received from Officer Molenda suggesting that Roberts

had violated the terms of his parole. *See Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (government official entitled to qualified immunity when it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act).

■ On appeal, the Roberts argue that they have raised a contested issue of fact as to whether Lapp ignored Officer Greenway's testimony that (unlike Officer Molenda) he did not smell alcohol on Roberts's breath, and that this contested issue of fact should have been reserved to the jury. But aside from the Roberts' bare assertion, there is no evidence that Lapp had knowledge of Greenway's account. To the contrary, the record shows that although Lapp and Greenway may have spoken on the day of the arrest, Greenway denies discussing with Lapp whether Greenway smelled alcohol on Roberts's breath. Lapp was not made aware of Greenway's recollection until Greenway testified in the preliminary hearing on the parole violation. Because the record reflects no contested issue of material fact, the district court correctly determined that Lapp was entitled to qualified immunity and granted summary judgment to that effect.

The Roberts next argue that Police Officers Molenda and Greenway are not entitled to qualified immunity. Government officials performing discretionary functions are entitled to qualified immunity provided their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 817–18, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The standard for reasonableness is judged in light of what competent officers of similar experience and knowledge would do based on the current state of the law. *See Cerrone v. Brown,* 246 F.3d 194, 202–03 (2d Cir.2001). "[T]here can fre-

quently be a range of responses to a given situation that competent officers may reasonably think are lawful. Within this range, officers enjoy qualified immunity for reasonable mistakes." *Walczyk v. Rio*, 496 F.3d 139, 154 n. 16 (2d Cir.2007) (internal quotations omitted).

The district court concluded that it was objectively reasonable for the officers to believe that their actions in stopping, patting down, and arresting Roberts did not violate his rights because (a) they had reasonable suspicion to stop him and pat him down and (b) they had probable cause to arrest him. On appeal, Roberts argues that the officers lacked reasonable suspicion and probable cause.

The officers knew from the Community Safety Document issued by Lapp that Roberts was on parole for the assault of a victim living in a nearby neighborhood. They also knew that by the terms of his parole he was forbidden from driving. It follows that when the officers observed Roberts walking towards an idling pickup truck with no driver and a person buckled into the passenger's seat, it was objectively reasonable for them to suspect that he was violating the terms of his parole. Therefore, it was objectively reasonable for the officers to believe they had the authority to conduct a *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). When, during the ensuing stop, he acknowledged his identity, gestured to the pickup in a manner indicating that it was his vehicle, and resisted the officers' attempts to perform a pat down, it was objectively reasonable for the officers to believe they had probable cause to arrest Roberts for violating his parole and obstructing a police investigation. The district court correctly concluded on these grounds that the officers were entitled to qualified immunity, and summary judgment was appropriate.

Finally, because both Lapp and the police officers are entitled to qualified immunity, they are also entitled to summary judgment on the Roberts's malicious prosecution and familial relations claims.

Accordingly, we hereby **AFFIRM** the judgment of the district court.