Dettelis v. Sharbaugh

# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2018

Argued: November 8, 2018
Decided: March 20, 2019

Docket No. 17-4150-cv

JOHN DETTELIS

*Plaintiff-Appellant,*

*v.*

MICHAEL R. SHARBAUGH, CATTARAUGUS COUNTY DEPARTMENT OF PROBATION SUPERVISOR, DENISE LONGARVSKY, CATTARAUGUS COUNTY DEPARTMENT OF PROBATION OFFICER, GERALD ZIMMERMAN, CATTARAUGUS COUNTY DEPARTMENT OF PROBATION DIRECTOR,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of New York
No.17-cv-407, Geraci, *Chief Judge.*

Before: RAGGI, HALL, and SULLIVAN, *Circuit Judges.*

Plaintiff-Appellant John Dettelis appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. Dettelis claimed malicious prosecution, alleging that Appellees falsely charged him with violating a condition of his probation. The district court concluded that Dettelis's conviction for that violation, though overturned on appeal, still gave rise to a presumption of probable cause that Dettelis failed to overcome. We refrain from deciding whether that presumption applies and, instead, conclude that Appellees were entitled to qualified immunity.

AFFIRMED.

MATTHEW A. ALBERT, Law Offices of Matthew Albert, Buffalo, NY, *for Plaintiff-Appellant.*

SEAN W. COSTELLO, Rupp Baase Pfalzgraf Cunningham LLC, Buffalo, NY, *for Defendants-Appellees.*

PER CURIAM.

Plaintiff-Appellant John Dettelis appeals from a judgment of dismissal entered, pursuant to Federal Rule of Civil Procedure 12(b)(6), on November 30, 2017, in the United States District Court for the Western District of New York (Geraci, *C.J.*). Dettelis was serving a term of probation, a condition of which required him to report certain police contact. When he failed to report an incident with a police officer, he was charged with violating the terms of his probation. His resulting conviction was overturned on appeal, and Dettelis then brought this 42 U.S.C. § 1983 suit against County Probation Director Gerald Zimmerman, Probation Supervisor Michael Sharbaugh, and Probation Officer Denise Lengvarsky ("Appellees"), claiming malicious prosecution. The district court granted Appellees' motion to dismiss, concluding in part that Dettelis failed to overcome a presumption of probable cause that arose from the facts underlying his subsequently vacated conviction. This appeal follows.

We affirm the challenged dismissal without delineating the contours of a presumption of probable cause here because we conclude that Appellees are, in any event, entitled to qualified immunity.

I.

In April 2011, Dettelis was convicted by state court of driving while intoxicated and sentenced to three years' probation.[1] A condition of his probation required him to contact his probation officer "upon arrest or questioning" by law enforcement officials. App. 15, ¶ 54. In November 2012, Dettelis

---

[1] The facts as set forth are taken from the allegations in Dettelis's complaint, which we accept here as true, and from the documents attached to the complaint. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

went to the town courthouse in Yorkshire, New York, demanding unrelated records but was asked to leave when he became loud and unruly. At the request of the court clerk, a state police officer went to Dettelis's home and told him not to go to the court for the records but instead to have his lawyer collect those documents.

In December 2013, Dettelis became aware of a Violation of Probation ("VOP") report charging him with having violated the terms of his probation by not reporting the November 2012 police contact. Although the report was dated and notarized in November 2012, Dettelis believed that it had been fabricated by Appellees at the behest of the district attorney. This was done, Dettelis alleged, because county personnel wanted to "imprison [him] by any means possible." App. 17, ¶ 65. The county court nevertheless determined by a preponderance of the evidence that Dettelis had violated his probation and sentenced him to 90 days in jail. The Fourth Department reversed, concluding that "the evidence at the hearing [did] not establish that the interaction between defendant and the police officer amounted to defendant being 'questioned,' which would have triggered his obligation to notify a probation officer." *People v. Dettelis*, 137 A.D.3d 1722, 1723 (4th Dep't 2016).

## II.

"We review *de novo* the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To survive a 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, plausibly to give rise to an entitlement to relief. *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). Although a complaint "does not need detailed factual allegations," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We may

3

affirm on any ground that finds support in the record. *See, e.g.*, *Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 (2d Cir. 2018).

III.

To state a 42 U.S.C. § 1983 claim for malicious prosecution, a plaintiff must plead both "a violation of his rights under the Fourth Amendment" and "the elements of a malicious prosecution claim under state law." *See Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010). Under New York law, a malicious-prosecution claim requires a plaintiff to show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (internal quotation marks omitted).

Relying in part on a presumption of probable cause arising from Dettelis's violation determination, despite the fact that the violation was overturned on appeal, the district court concluded that Dettelis's pleadings established probable cause for Appellees to bring and prosecute the VOP charge, and, therefore, precluded a plausible malicious prosecution claim. *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) ("[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York."); *see also Mitchell v. Victoria Home*, 434 F. Supp. 2d 219, 228 (S.D.N.Y. 1993) (observing that a "conviction establishes the existence of probable cause which, even when the conviction is reversed on appeal, becomes a rebuttable presumption" (internal quotation marks omitted)). In challenging this ruling, Dettelis questions the applicability of a probable cause presumption to probation violations, noting that guilt of such a violation need be proved by only a preponderance of the evidence. We need not here delineate the precise contours of the probable cause presumption or conclusively decide its application to probation violations. Instead, we conclude that qualified immunity bars Dettelis's claim.

4

As a general matter, probation officers are entitled to immunity in the performance of their duties, but the type of immunity afforded depends on whether "the duties of the defendants were judicial or prosecutorial, which entitles them to absolute immunity, or administrative, which may entitle them to qualified immunity." *King v. Simpson*, 189 F.3d 284, 288 (2d Cir. 1999) (internal quotation marks omitted). Thus, probation officers are entitled to absolute immunity from suit in connection with their "preparing and furnishing presentence reports to the court." *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987); *accord Peay v. Ajello*, 470 F.3d 65, 69 (2d Cir. 2006) (concluding that Connecticut probation officers are "entitled to absolute immunity in suits for damages arising out of their preparation and submission of presentence reports"). They are also entitled to absolute immunity in "initiating parole revocation proceedings and in presenting the case for revocation to hearing officers." *Scotto v. Almenas*, 143 F.3d 105, 112 (2d Cir. 1998); *accord Victory v. Pataki*, 814 F.3d 47, 65 (2d Cir. 2016), *as amended* (Feb. 24, 2016). By contrast, in performing investigatory duties, for example, the filing of a violation report or recommending the issuance of an arrest warrant, a parole officer is entitled only to qualified immunity. *See Scotto*, 143 F.3d at 111; *see also Roberts ex rel. Estate of Roberts v. Lapp*, 297 F. App'x 67, 69 (2d Cir. 2008) (summary order) (holding state parole officer entitled to qualified immunity in recommending that parole warrant issue); *Malik v. Mackey*, 268 F. App'x 83, 84 (2d Cir. 2008) (holding state parole officer entitled to qualified immunity in filing parole violation charges).

Here, it could be argued that certain Appellees are entitled to absolute immunity for prosecuting a violation of probation, notwithstanding Dettelis's allegation that they did so maliciously. *See Dorman*, 821 F.2d at 139 ("[A]bsolute immunity spares the official any scrutiny of his motives," including "an allegation that [an act] was done in bad faith or with malice."). But we need not resolve which immunity applies here because the allegations in Dettelis's complaint and the documents attached thereto plainly demonstrate that Appellees are entitled at least to qualified immunity since

5

they had "arguable probable cause" to bring the VOP charge. *See Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007) ("An officer's determination is objectively reasonable if there was arguable probable cause at the time of arrest—that is, if officers of reasonable competence could disagree on whether the probable cause test was met." (internal quotation marks omitted)). True, the Fourth Department ultimately concluded that Dettelis's November 2012 interaction with police did not amount to "questioning" under the terms of his probation—an interpretation of state law that we are bound to accept. *Dettelis*, 137 A.D.3d at 1723; *see Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013). But prior to the Fourth Department so ruling, Appellees' determination that Dettelis's interaction with a law enforcement officer was reportable, such that his failure to report violated a condition of his probation, was objectively reasonable, not having been clearly established as incorrect in state law by the identification of a stricter questioning requirement. *See Betts v. Shearman*, 751 F.3d 78, 82–83 (2d Cir. 2014) (holding officer entitled to qualified immunity where "it was objectively reasonable for [the officer] to believe that [his] actions were lawful at the time of the challenged act" (internal quotation marks omitted)); *see also Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016) (The qualified-immunity inquiry asks "whether *any* reasonable officer, out of the wide range of reasonable people who enforce the laws in this country, *could have* determined that the challenged action was lawful."). Because it was objectively reasonable for the Appellees to believe that there was probable cause that Dettelis violated the conditions of his probation, Appellees were entitled to qualified immunity.

IV.

We have considered Dettelis's remaining arguments and find them without merit. For the reasons stated above, we **AFFIRM** the judgment of the district court.