19‐2057‐cv
Inspired Capital LLC v. Condé Nast

 UNITED STATES COURT OF APPEALS
 FOR THE SECOND CIRCUIT

 SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY
ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE
OF APPELLATE PROCEDURE 32.1 AND THIS COURTʹS LOCAL RULE 32.1.1. WHEN CITING A
SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE
FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION ʺSUMMARY ORDERʺ). A
PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED
BY COUNSEL.

 At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in
the City of New York, on the 12th day of February, two thousand twenty.

PRESENT: DENNIS JACOBS,
 GUIDO CALABRESI,
 DENNY CHIN,
 Circuit Judges.
‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐x

INSPIRED CAPITAL, LLC, and ERICA GARY,
derivatively on behalf of Inspired Food Solutions,
LLC,
 Plaintiffs‐Appellants,

 ‐v‐ 19‐2057‐cv

CONDÉ NAST, an unincorporated division of
Advance Magazine Publishers, Inc., and
FREMANTLEMEDIA NORTH AMERICA, INC., a
foreign corporation,
 Defendants-Appellees.

‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐ ‐x
FOR PLAINTIFFS‐APPELLANTS: Jermaine A. Lee, Hernandez Lee Martinez,
 LLC, Miami Shores, Florida; Scott Zarin, Zarin
 & Associates, P.C., New York, New York.

FOR DEFENDANTS‐APPELLEES: Cynthia E. Neidl, Greenberg Traurig, LLP,
 Albany, New York, for Condé Nast.

 Sean Riley, Glaser Weil Fink Howard Avchen
 & Shapiro LLP, Los Angeles, California; Judith
 A. Lockhart, Carter Ledyard & Milburn LLP,
 New York, New York, for FremantleMedia
 North America, Inc.

 Appeal from the United States District Court for the Southern District of

New York (Keenan, J.).

 UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,

ADJUDGED, AND DECREED that the judgments of the district court are AFFIRMED.

 Plaintiffs‐appellants Inspired Capital, LLC and Erica Gary (ʺplaintiffsʺ)

appeal from the November 26, 2018 judgment of the district court granting the motion

of defendants‐appellees Condé Nast and FremantleMedia North America, Inc.

(ʺdefendantsʺ) to dismiss the complaint for failure to state a claim pursuant to Federal

Rule of Civil Procedure 12(b)(6) and the June 5, 2019 judgment denying plaintiffsʹ

motion for leave to amend. We assume the partiesʹ familiarity with the underlying

facts, the procedural history of the case, and the issues on appeal.

 The following facts are drawn from the complaint and presumed true for

purposes of this appeal. Plaintiffs are minority shareholders of a Florida corporation,

 2
Inspired Food Solutions, LLC (ʺIFSʺ). IFS was created by Chef Calvin Harris, who was

its majority shareholder and Chief Executive Officer.

 In 2013, defendants entered into a licensing agreement with IFS pursuant

to which defendants granted IFS a license to use defendantsʹ intellectual property to

develop and market health food products. In 2014, however, when IFS could no longer

pay its debts, Harris left IFS and, with a new investor, created a new entity, Benevida

Foods, LLC (ʺBenevidaʺ). When IFS failed to make a required payment, defendants

terminated their license agreement with IFS and entered into a new license agreement

with Benevida.

 Plaintiffs sued Harris, Benevida, and their investor in Florida and

eventually amended their complaint in Florida to add claims against defendants. The

Florida court dismissed the claims against defendants based on a New York forum

selection clause. Plaintiffs then brought this action below asserting claims against

defendants for: (1) breach of contract; (2) aiding and abetting breach of fiduciary duty;

(3) fraudulent concealment/omission; (4) aiding and abetting fraud; (5) conspiracy to

commit fraud; and (5) misappropriation of trade secrets.

 On May 23, 2018, defendants moved to dismiss the complaint. In an

Opinion and Order issued November 26, 2018, the district court granted the motion,

holding that the complaint failed to allege plausible claims for breach of contract,

fraudulent concealment, aiding and abetting fraud, conspiracy to commit fraud, and

 3
misappropriation, and that the aiding and abetting breach of fiduciary duty claim was

time‐barred. Plaintiffs moved for leave to amend the complaint and submitted a

proposed amended complaint (the ʺPACʺ), which they alleged cured any identified

deficiencies. In an Opinion and Order issued May 21, 2019, the district court denied

plaintiffsʹ motion to amend on the grounds that amendment would be futile.

 This appeal followed. The sole issues on this appeal are whether the

district court erred in dismissing plaintiffsʹ claims for (1) aiding and abetting breach of

fiduciary duty, (2) misappropriation of trade secrets, (3) and aiding and abetting and

conspiracy to commit fraud.1

 DISCUSSION

I. Standard of Review

 We review de novo both the granting of a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6) and the denial of a motion for leave to amend the

complaint premised on futility. See Edwards v. Sequoia Fund, Inc., 938 F.3d 8, 12 (2d Cir.

2019); Yamashita v. Scholastic Inc., 936 F.3d 98, 107‐08 (2d Cir. 2019) (per curiam). In

evaluating whether a complaint states a claim, ʺwe accept as true all factual allegations

1
 Although plaintiffs appeal the district courtʹs dismissal of their ʺfraud claims,ʺ they dispute only
the district courtʹs holding that the fraud claims were not pled with particularity. Plaintiffsʹ fraudulent
concealment claim, however, was dismissed for a failure to plead a benefit obtained by defendants, a
required element of a cause of action. See Inspired Capital, LLC v. Condé Nast, No. 18 CIV. 0712 (JFK), 2018
WL 6173712, at *5 (S.D.N.Y. Nov. 26, 2018). Plaintiffs do not address this claim in their brief. To the
extent plaintiffsʹ appeal also challenges dismissal of their fraudulent concealment claim, we affirm for the
reasons set forth by the district court. See id.
 4
and draw from them all reasonable inferences; but we are not required to credit

conclusory allegations or legal conclusions couched as factual . . . allegations.ʺ Nielsen v.

Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted). ʺ[T]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice.ʺ Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

II. Aiding and Abetting Breach of Fiduciary Duty

 Although the district court dismissed plaintiffsʹ aiding and abetting

breach of fiduciary claim as time‐barred, we affirm on the alternative ground that the

complaint and PAC failed to allege a plausible claim.2 To state an aiding and abetting

breach of fiduciary claim under New York law, a plaintiff must allege (1) a ʺbreach by a

fiduciary of obligations to anotherʺ of which the defendant ʺhad actual knowledge;ʺ (2)

ʺthat the defendant knowingly induced or participated in the breachʺ; and (3) ʺthat [the]

plaintiff suffered damage as a result of the breach.ʺ See In re Sharp Intʹl Corp., 403 F.3d

43, 49‐50 (2d Cir. 2005).3

 The PAC alleged that Harris violated his fiduciary duty to IFS when he

transferred his recipes and food products to Benevida and reinitiated a business

relationship with defendants through the new corporate entity. Even assuming Harris

breached a fiduciary duty he owed to plaintiffs ‐‐ which we do not decide here ‐‐

2 ʺWe may affirm on any ground that finds support in the record.ʺ Dettelis v. Sharbaugh, 919 F.3d
161, 163 (2d Cir. 2019) (per curiam).
3 The parties agree that New York law applies to the claims at issue in this appeal.
 5
plaintiffsʹ claim fails because the facts alleged do not give rise to an inference that

defendants knew or should have known of this breach. The complaint and PAC alleged

that defendants dealt exclusively with Harris and that Harris executed all contracts with

them on behalf of IFS. Plaintiffs have not identified any plausible reason why

defendants would have had reason to know the specifics of Harrisʹs arrangement with

IFS regarding his recipes and products, or that Harris was not authorized to continue

doing business with them through Benevida after IFSʹs dissolution.4

 Amendment would also have been futile. Plaintiffsʹ added allegation that

defendants received and reviewed IFSʹs internal Limited Liability Company Agreement

‐‐ presumably for defendantsʹ own liability purposes ‐‐ before granting a license to IFS

in 2013, does not give rise to the inference that defendants knew Harris was breaching

his duties under that agreement a year later. See Lerner v. Fleet Bank, N.A., 459 F.3d 273,

294 (2d Cir. 2006) (holding that an aiding and abetting claim under New York law

requires ʺan allegation that such defendant had actual knowledge of the breach of

dutyʺ).

4 Plaintiffsʹ allegations that defendants ʺknew that IFS developed and owned the food recipes and
food productsʺ and ʺknew that Harris developed and owed and was breaching his fiduciary duties,ʺ
Appʹx at 231‐32, are conclusory and cannot save their aiding and abetting breach of a fiduciary duty
claim. See Webb v. Goord, 340 F.3d 105, 111 (2d Cir. 2003) (affirming the dismissal of a claim where
ʺplaintiffs ha[d] not alleged, except in the most conclusory fashion . . . any . . . meeting of the minds
occurred among any or all of the defendants.ʺ).
 6
III. Misappropriation of Trade Secrets

 ʺA plaintiff claiming misappropriation of a trade secret must prove: (1) it

possessed a trade secret, and (2) defendant is using that trade secret in breach of an

agreement, confidence, or duty, or as a result of discovery by improper means.ʺ

Integrated Cash Mgmt. Servs., Inc. v. Dig. Transactions, Inc., 920 F.2d 171, 173 (2d Cir. 1990)

(internal quotation marks omitted). The district court dismissed plaintiffsʹ

misappropriation of trade secrets claim for a failure to allege the existence of a trade

secret and denied leave to amend on the grounds that the claim was time‐barred.

 We need not decide either issue reached by the district court. Even

assuming the claim was timely and a trade secret sufficiently alleged, dismissal was

warranted because the complaint did not allege a single instance of defendants ‐‐ as

opposed to Harris ‐‐ ʺusingʺ IFSʹs intellectual property. Id. Defendants granted IFS, and

subsequently Benevida, the right to use defendantsʹ intellectual property in connection

with the sale of Harrisʹs food products, not the inverse. To the extent that defendants

continued to authorize use of their own intellectual property in connection with the

marketing and sale of the health food products with Benevida after terminating their

license agreement with IFS, such conduct would not constitute misappropriation of

IFSʹs trade secrets. And even if, as plaintiffs allege, defendants provided ʺsupportʺ to

Benevida in marketing its healthy food line, Appʹx at 236, that is not misappropriation.

Accordingly, dismissal of plaintiffsʹ misappropriation of trade secrets claim is affirmed.

 7
IV. Fraud Claims

 The district court also did not err in dismissing plaintiffsʹ aiding and

abetting fraud and conspiracy fraud claims because neither the complaint nor the

proposed amendments in the PAC satisfied the heightened pleadings standard for

fraud claims under Federal Rule of Civil Procedure 9(b). Plaintiffs first argued a

fraudulent omission ‐‐ that Harris ʺconceal[ed] that he had formed Benevida with an

objective directly antagonistic to IFS.ʺ Dist. Ct. Dkt. No. 31 at 19. In the PAC, plaintiffs

altered their theory of fraud to a misstatement, alleging that in March 2013 and

ʺperiodically thereafter,ʺ Harris told IFS that its investment would be used ʺstrictly for

the benefit of IFS.ʺ Appʹx at 219. This statement was misleading, according to plaintiffs,

because it ʺfail[ed] to disclose that [Harrisʹs] efforts would be, and were instead aimed

at securing for himself a relationship with [defendants] contrary to the terms ofʺ their

operating contract with IFS. Appʹx at 219.

 We have repeatedly explained that Rule 9(b)ʹs heightened pleading

requirement ʺserves to provide a defendant with fair notice of a plaintiffʹs claim,

safeguard his reputation from improvident charges of wrongdoing, and protect him

against strike suits.ʺ ATSI Commcʹns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir.

2007). Allegations of fraud under Rule 9(b), therefore, must be pled with particularity

and ʺspecify the time, place, speaker, and content of the alleged misrepresentations.ʺ

Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2d Cir. 2001). Plaintiffsʹ allegation that Harris

 8
made an alleged misstatement, at an unidentified location, on an unidentified date in

March 2013 and ʺperiodically thereafter,ʺ Appʹx at 219, clearly does not satisfy this

standard.

 Because the PAC failed to allege fraud, it could not state a claim for either

aiding and abetting fraud or fraud conspiracy, as both causes of action require an

underlying fraud to be alleged. See Lerner, 459 F.3d at 292 (ʺTo establish liability for

aiding and abetting fraud, the plaintiffs must show . . . the existence of a fraudʺ (internal

quotation marks omitted)); Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 26 n.4 (2d

Cir. 1990) (noting that stating a civil fraud conspiracy claim requires pleading

ʺunderlying acts of fraudʺ with particularity). Accordingly, the district courtʹs dismissal

of plaintiffsʹ fraud claims and subsequent denial of leave to amend is affirmed.

 * * *

 We have considered plaintiffsʹ remaining arguments and conclude they

are without merit. For the foregoing reasons, we AFFIRM the judgment of the district

court.

 FOR THE COURT:
 Catherine OʹHagan Wolfe, Clerk

 9