19-2698
*Baker v. Spinner, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand and twenty.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> > *Circuit Judges*.

―――――――――――――

SCOTT BAKER,

> *Plaintiff-Appellant*,

> v.                                                    19-2698

CHAD SPINNER, RYAN YADDOW,

> *Defendants-Appellees*,

FRANKLIN COUNTY DEPARTMENT OF
PROBATION, COUNTY OF FRANKLIN,
DOE #1, DOE #2,

*Defendants*.[1]

For Plaintiff-Appellant:        NOREEN MCCARTHY, Law Offices of Noreen
                                McCarthy Attorney, Keene Valley, NY.

For Defendants-Appellees:       LORAINE C. JELINEK, Johnson & Laws LLC, Clifton
                                Park, NY.

Appeal from the United States District Court for the Northern District of New York (Sannes, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff Scott Baker appeals the district court's dismissal of his 42 U.S.C. § 1983 action against Probation Officers Chad Spinner and Ryan Yaddow (collectively, "Defendants").[2] Baker alleged that Defendants violated his constitutional rights and rights under New York law because they made false representations to the Franklin County Court in connection with Baker's probation revocation proceedings. The district court granted Defendants' motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on absolute immunity grounds and for failure to state a claim. Upon *de novo* review, *see Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178 (2d Cir. 2013), we

---

[1] The Clerk of the Court is directed to amend the caption as set forth above.

[2] Although Baker named the Franklin County Department of Probation and the County of Franklin ("County Defendants") as Defendants-Appellees, we treat only Spinner and Yaddow as the Defendants-Appellees because Baker did not advance any arguments relevant to the County Defendants.

affirm the district court's judgment. We assume the parties' familiarity with the underlying facts, procedural history, and the issues for review, to which we refer only as necessary to explain our decision.

## I. Spinner's Statements at the In-Chambers Conference

Baker was scheduled to appear before Franklin County Court Judge Robert G. Main, Jr. for a fact-finding hearing on allegations that Baker violated the terms of his probationary sentence. Before the hearing, Judge Main held an off-the-record in-chambers conference, at which Baker's then-counsel, the Assistant District Attorney, Spinner, and possibly several other court personnel were present. While considering the concurrent two-and-a-half-year terms the parties proposed for Baker's violations, Judge Main asked for Spinner's input, and Spinner "indicated to Judge Main that [Baker] was involved or thought to be involved in the drug overdose death of Gary Clement" and that he thought Baker "was a big time drug dealer in the Tupper Lake community." *See* Decision & Order at 3–4, *Baker v. Spinner*, No. 8:18-cv-00950 (N.D.N.Y. July 30, 2019), ECF 1-1 at 3–4. After the conference, Baker admitted to violating certain terms of his probation, alleviating the need for a hearing. Judge Main sentenced Baker to seven and one-half years, which Baker alleged in his complaint was due in part to Spinner's statements to Judge Main at the in-chambers conference.

The district court correctly concluded that Spinner is entitled to absolute immunity for his statements to Judge Main at the in-chambers conference. "As a general matter,

3

probation officers are entitled to immunity in the performance of their duties, but the type of immunity afforded depends on whether 'the duties of the defendants were judicial or prosecutorial, which entitles them to absolute immunity, or administrative, which may entitle them to qualified immunity.'" *Dettelis v. Sharbaugh*, 919 F.3d 161, 164 (2d Cir. 2019) (citation omitted). Responding to Judge Main's request for input at the conference was more akin to performing a judicial duty, entitling Spinner to absolute immunity.

First, Spinner made these statements under "judicial direction," *Scotto v. Almenas*, 143 F.3d 105, 112 (2d Cir. 1998), as they were in direct response to Judge Main's request for Spinner's input. Second, there were sufficient procedural safeguards at the conference. *See Sykes v. James*, 13 F.3d 515, 521 (2d Cir. 1993) (noting that "all the other protections of the judicial process" were present to support granting absolute immunity to a parole officer who submitted an affidavit in opposition to a parolee's state habeas petition where "the proceeding was adversarial in nature; it was conducted by a judicial officer who rendered the final decision; and it was subject to judicial review"). The conference was adversarial in nature as both parties' counsel were present, Judge Main who conducted the conference also decided Baker's final sentence, and the proceeding was subject to judicial review as Baker later succeeded in vacating his sentence based on Spinner's untruthful statements. That Baker did not receive advance notice of Spinner's statements does not vitiate those safeguards; Baker's then-counsel could have objected.

4

Baker's public policy arguments against granting absolute immunity might carry weight if we were *expanding* the doctrine's applicability; we are not. Absolute immunity remains an exception applicable only in "rare circumstances," and we leave undisturbed the "presumption [] that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." *Scotto*, 143 F.3d at 110 (citation omitted). Our holding is limited to the narrow set of circumstances in this case, which entitles Spinner to absolute immunity consistent with our precedents.

## II.   Spinner and Yaddow's Second Amended Submissions

Baker contends that Spinner and Yaddow violated his constitutional rights by including a false allegation that he possessed methamphetamine in their second amended affidavit and statement of violation ("second amended submissions"). The district court correctly found that this allegation did not suffice to state a claim under § 1983.[3]

---

[3] The district court first concluded that Spinner and Yaddow are entitled to absolute immunity for their statement in the second amended submissions before finding that, regardless, Baker failed to plausibly state a claim. Whether Spinner and Yaddow are entitled to absolute immunity depends on whether they were performing a judicial or prosecutorial function. It is not enough, as the district court reasoned, that Spinner and Yaddow filed the second amended submissions after the probation revocation proceedings had been initiated. There is reason to doubt that Spinner and Yaddow demonstrated their entitlement to absolute immunity, as it is unclear how much discretion they had in filing the second amended submissions and how that conduct is "integrally related to the judicial process," *Dorman v. Higgins*, 821 F.2d 133, 136 (2d Cir. 1987), or a prosecutorial function, *see Scotto*, 143 F.3d at 113 ("We decline to extend absolute immunity more than is strictly necessary to safeguard the independent exercise of the prosecutorial function."). We need not resolve this issue, however, because we agree that Baker failed to state a claim for the second amended submissions.

5

To state a claim under § 1983, "[t]he conduct at issue . . . 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted). Baker alleged only that the "false accusatory document [the statement of violation of probation] was subsequently relied upon by the County Court to impose a significantly lengthy prison term, and Defendants knew that [the] County Court would rely on such document and the false accusation therein in its decision to revoke the Plaintiff's probation and impose a lengthy prison sentence." Complaint at 7, *Baker v. Spinner*, No. 8:18-cv-00950 (N.D.N.Y. July 30, 2019). This conclusory statement does not state a claim in the absence of facts or allegations to show that the County Court relied on that statement in the second amended submissions to revoke Baker's probation and sentence him to the seven and one-half years—especially given that Baker's sentencing resulted from him *admitting* to certain violations, not including the possession of methamphetamine.

We have considered Baker's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6