22-1641-pr
Ojo v. Decker

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty-three.

PRESENT:   REENA RAGGI,
            RAYMOND J. LOHIER, JR.,
            SUSAN L. CARNEY,
                *Circuit Judges*.

-----------------------------------------------------------------

OLUKAYODE DAVID OJO,

                        *Plaintiff-Appellant*,

                v.                                    No. 22-1641-pr

H.O. THOMAS DECKER, THOMAS E. FEELEY, ROBERT F. JUDGE, JEFFEREY SEARLS, Warden, Buffalo Federal Detention Facility, YVETTE TAYLOR, M. OGOFF, 6629, DHS/ICE DO, JOHN DOE 1-30, (said names being fictitious to designate defendants DHS/ICE DOs that their identities are currently available or unknown to Plaintiff), GREGORY HARVEY, Acting Director, Buffalo Federal Detention Facility, M. MEULIGH, DHS/ ICE DO, DHS/ICE DO Does #1-10,

AKIMA GLOBAL SERVICES LLC, PARKER, AGS Lieutenant, B. DYSART, AGS Lieutenant, FRANK SPIOTTA, AGS Lieutenant, KOWALKSI, AGS Lieutenant, D. MILAN, AGS Detention Officer, MARTIN, AGS Detention Officer, QVACKENBUSH, AGS Detention Officer, AGS DOES #1-10,

*Defendants-Appellees.**

-------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Olukayode David Ojo, *pro se*, Orange, NJ

FOR DEFENDANTS-APPELLEES: No appearance

Appeal from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Olukayode David Ojo, proceeding pro se, appeals from a judgment of the United States District Court for the Western District of New York (Wolford, *C.J.*) dismissing his complaint against the United States, federal agents, and others related to his detention in the Buffalo Federal Detention Facility (BFDF). The District Court, exercising its screening responsibility under 28 U.S.C.

---

* The Clerk of Court is directed to amend the caption as set forth above.

§ 1915(e)(2)(B), of its own accord dismissed Ojo's *Bivens* claims, did not address Ojo's claims under the Federal Tort Claims Act (FTCA), and granted Ojo leave to file an amended complaint, with the stipulation that the case would be dismissed with prejudice if Ojo failed to file an amended complaint. After Ojo failed to file an amended complaint by the given deadline, the District Court entered judgment dismissing the complaint with prejudice. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the dismissal of a complaint under § 1915(e)(2)(B) *de novo*. *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 n.8 (2d Cir. 2015). "We accept as true all facts described in the complaint but need not accept conclusory allegations or legal conclusions couched as factual allegations." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (cleaned up). "[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quotation marks omitted). However, pro se litigants must "provide the court with a clear statement of the issues on appeal" in their briefs, and we "normally will not[] decide issues that a

3

party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998).

**I.     The *Bivens* Claims**

Ojo argues that he plausibly stated a claim for relief under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We disagree. Ojo cannot state a *Bivens* claim for First Amendment retaliation or religious discrimination. *See Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022) (holding that *Bivens* does not extend to First Amendment retaliation); *Turkmen v. Hasty*, 789 F.3d 218, 236 (2d Cir. 2015) (concluding from cited Supreme Court precedent that *Bivens* does not extend to Free Exercise religious discrimination claims), *rev'd on other grounds*, *Ziglar v. Abbasi*, 582 U.S. 120 (2017) (rejecting recognition of other *Bivens* claims). As for Ojo's claims premised on deliberate indifference to his medical needs, conditions of confinement, or unconstitutional strip searches, Ojo failed to allege any facts demonstrating that any defendant was personally involved. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (observing that a *Bivens* claim requires allegations "that the individual defendant was personally involved in the constitutional violation"). We therefore affirm the District Court's judgment insofar as it dismisses Ojo's *Bivens* claims.

4

**II. Dismissal with Prejudice**

Ojo also argues that the District Court erred by entering a judgment dismissing his complaint with prejudice after Ojo failed to file a second amended complaint. We disagree. Before judgment was entered, Ojo had sought and been granted an extension of the District Court's 45-day deadline for filing the new complaint. However, Ojo never filed the second amended complaint or requested a second extension of time from the District Court. We therefore affirm the District Court's dismissal of his *Bivens* claims with prejudice.

**III. The FTCA Claims**

Finally, the District Court dismissed the complaint without addressing whether Ojo had plausibly stated a claim under the FTCA. Ojo contends that this was error, but we affirm because it is clear from the face of the complaint that Ojo failed to exhaust his administrative remedies as required by 28 U.S.C. § 2675. *See Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) ("We may affirm [a grant of a motion to dismiss under Rule 12(b)(6)] on any ground that finds support in the record."). Ojo's FTCA claims concern his detention in the BFDF, which the operative complaint states began on March 12, 2020. Ojo's complaint makes clear that his only administrative complaints were filed in

5

February and August of 2019, and thus could only have pertained to his detention elsewhere.   We therefore affirm the dismissal of Ojo's FTCA claims.

We have considered Ojo's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court