19-1446-cv
*Jackson v. Wells Fargo Home Mortgage*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty.

PRESENT:   DENNY CHIN,
           RICHARD J. SULLIVAN,
           WILLIAM J. NARDINI,
                   *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DENISE JACKSON,
                   *Plaintiff-Appellant,*

           -v-                                     19-1446-cv

WELLS FARGO HOME MORTGAGE,
                   *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLANTIFF-APPELLANT:          PETER E. SVERD, Law Offices of Peter Sverd, PLLC, New York, New York.

FOR DEFENDANT-APPELLEE:          ANDREW B. MESSITE, Reed Smith LLP, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Chen, *J.*, and Tiscione, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Denise Jackson appeals from the March 28, 2019 judgment of the district court dismissing her claims against defendant-appellee Wells Fargo Home Mortgage ("Wells Fargo") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The *pro se* first amended complaint (the "FAC") alleged civil rights violations in connection with Jackson's unsuccessful efforts to refinance or modify her home mortgage with Wells Fargo. In her counseled appeal, Jackson argues that the district court erred in dismissing the FAC and denying her leave to amend the complaint a second time. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Jackson commenced this action *pro se* on August 27, 2015. She alleged that Wells Fargo discriminated against her on the basis of her race, in violation of the Fourteenth Amendment, the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* (the "FHA"), 42 U.S.C. § 1981 ("Section 1981"), Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI"), and state law when it repeatedly denied her mortgage refinance applications.

2

After Wells Fargo moved to dismiss the FAC, the magistrate judge issued a Report and Recommendation ("R&R") on August 10, 2018, recommending that the motion be granted and that Jackson be denied leave to amend for a second time because amendment would be futile. Jackson objected to the R&R. In a Memorandum and Order issued March 27, 2019, the district court dismissed the federal causes of action in the FAC, declined to exercise supplemental jurisdiction over the state law claims, and denied leave to amend on the ground that amendment would be futile.

This appeal followed. On appeal, Jackson contends that the district court erred in granting Wells Fargo's motion to dismiss because the FAC sufficiently alleged violations of the FHA, Section 1981, Title VI, and related state law claims under the liberal pleadings standard afforded *pro se* litigants.[1] In the alternative, she contends that she should have been granted leave to amend the FAC for a second time.

### *STANDARD OF REVIEW*

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), "accepting all factual claims in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *O'Donnell v. AXA Equitable Life Ins. Co.*, 887 F.3d 124, 128 (2d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient

---

[1] Jackson does not address the district court's dismissal of her Fourteenth Amendment claim in her briefs. That claim is thus not before us on this appeal. *See Montauk Oil Transp. Corp. v. Tug El Zorro Grande*, 54 F.3d 111, 114 (2d Cir. 1995) ("As a general rule, a Court of Appeals will not pass upon issues that were not presented in the appellants' briefs.").

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A *pro se* complaint is to be read liberally, and should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (alterations and internal quotation marks omitted).

We review a district court's denial of leave to amend on the ground of futility *de novo*, *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015), and the decision to decline to exercise supplemental jurisdiction over state law claims for abuse of discretion, *Klein & Co. Futures v. Bd. of Trade of City of N. Y.*, 464 F.3d 255, 259 (2d Cir. 2006).

## DISCUSSION

### I.      Federal Claims

We affirm the judgment of dismissal because even under the liberal pleadings standard afforded *pro se* litigants, the FAC failed to allege a plausible violation of federal law.  We further conclude that the district court did not err in denying Jackson leave to amend the FAC for a second time because amendment would have been futile.

4

### A. Applicable Law

The FHA prohibits, *inter alia*, discrimination based on race in the availability and terms and conditions of residential real-estate transactions. 42 U.S.C. § 3605(a). As relevant here, Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Title VI provides that no person shall be subject to exclusion from participation in, denial of benefits of, or discrimination in any program receiving federal financial activity based upon race. 42 U.S.C. § 2000d.

### B. Analysis

In her counseled appeal, Jackson contends, *inter alia*, that the district court erred in requiring her to make a *prima facie* showing of housing discrimination at the pleadings stage. *See Boykin v. KeyCorp*, 521 F.3d 202, 212 (2d Cir. 2008). We need not decide whether the district court applied the proper pleading standard because we conclude, based on our independent review of the pleading, that the FAC failed to allege a plausible violation of federal law regardless. *See Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) ("We may affirm on any ground that finds support in the record.").

Jackson failed to state a claim under the FHA, Section 1981, or Title VI because she failed to plausibly allege that Wells Fargo denied her application based on her race or color. The sole allegations of racial discrimination in the FAC were that Jackson is African American, she qualified for a mortgage refinancing, her applications were denied, and all the decisionmakers at Wells Fargo were white. *See, e.g.*, App'x at 30. These allegations are simply not enough to support Jackson's conclusory and speculative assertion that she was targeted on the basis of her race. *See Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (affirming dismissal of claim where the "complaint present[ed] only conclusory allegations . . . and we find them facially implausible").

We further conclude that the district court did not err in denying Jackson leave to amend her pleading for the second time. Although "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once[,] . . . leave to amend a complaint may be denied when amendment would be futile." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). Here, Jackson was already granted one unsuccessful opportunity to amend her pleading with the court below, and on her counseled appeal she identifies no new facts that would cure the FAC's deficiencies. The district court thus rightly concluded that granting leave to amend was futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming denial of leave to amend on futility grounds

6

where the plaintiff "has suggested no new material she wishes to plead" and "[t]he problem . . . is substantive").

## II. State Law Claims

After finding that the FAC failed to state a violation of federal law, the district court declined to exercise supplemental jurisdiction over Jackson's state law claims. Given that Jackson's case was still at the motion to dismiss phase, well before trial, we find no abuse of discretion in that determination. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

\* \* \*

We have considered Jackson's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7