MEMORANDUM **
Louis James Thibodeaux, an Oregon state prisoner, appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action alleging prison officials violated his Eighth and Fourteenth Amendment rights by discriminating against him and acting with deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. Sanchez v. Vild, 891 F.2d 240, 241-42 (9th Cir.1989). We affirm in part, vacate in part, and remand for further proceedings.
The district court properly granted summary judgment on Thibodeaux’s deliberate indifference claims because he did not raise a genuine issue of material fact as to whether the treatments and recommendations by prison doctors were medically unacceptable. See id. at 242 (holding that a difference of opinion about the best course of medical treatment does not amount to deliberate indifference). Further, the district court is not required to state findings of fact or conclusions of law when deciding summary judgment motions. See Fed.R.Civ.P. 52(a)(3); Ins. Co. of N. Am. v. NNR Aircargo Serv. (USA), Inc., 201 F.3d 1111, 1116 (9th Cir.2000).
The district court properly granted summary judgment on Thibodeaux’s Equal Protection claims because he offered no evidence that any adverse action was taken against him because of his race. See Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) (“Proof of discriminatory intent or motive is necessary to sustain an equal protection clause challenge.”); see also Hudson v. Palmer, 468 U.S. 517, 526, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (holding prisoners do not have any subjective expectation of privacy in their prison cells); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982) (holding that prisoners have no constitutional right to employment).
In both his complaint and his motion for summary judgment, Thibodeaux alleged that prison officials retaliated against him for filing lawsuits. In support of this claim, he submitted a document in which a *819 prison official told him that he was not hired for a prison job because, in part, he had threatened to bring lawsuits. Because this appears to be a colorable First Amendment retaliation claim and the district court did not address it, we remand so that the court may consider this claim in the first instance. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995) (stating that to succeed on a retaliation claim, a plaintiff need not establish an independent constitutional interest in the privilege that he was denied, “because the crux of his claim is that state officials violated his First Amendment rights by retaliating against him for his protected speech activities.”).
Thibodeaux’s remaining contentions are unpersuasive.
Each party shall bear its own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.