*Bank v. Alarm.com Holdings, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty.

PRESENT:
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

Todd C. Bank,

> *Plaintiff-Appellant*,

> v.                                                                      20-463

Alarm.com Holdings, Inc., Alarm.com
Incorporated,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:              Todd C. Bank, *pro se*, Kew
                                      Gardens, NY.

FOR DEFENDANTS-APPELLEES:             John Patrick Bailey, Kathleen
                                      A. Brogan, Craig S. Primis,
                                      Kirkland & Ellis LLP,
                                      Washington, DC.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Todd C. Bank, an attorney proceeding *pro se*, appeals the district court's dismissal of his complaint against Alarm.com Holdings, Inc. and Alarm.com Incorporated (collectively, "Alarm.com"). He alleged that Alarm.com partnered with a network of third-party authorized security-system dealers, including Alliance Security – which, he alleged, has a history of violating telemarketing laws – to sell and market home security systems. He further alleged that, at unspecified times from 2014 to the filing of the complaint in 2019, he received "dozens" of pre-recorded telephone calls from a "robotic-sounding voice" that failed to state the name of the person on whose behalf the call was placed. J. App'x at 13. Bank did not otherwise describe the content of those phone calls. He claimed that Alarm.com violated (1) the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B); (2) the federal regulation concerning the National Do-Not-Call Registry, 47 C.F.R. § 64.1200(c)(2); and (3) a New York telemarketing law requiring certain disclosures in automated phone messages, N.Y. Gen. Bus. Law § 399-p(3)(a).

Alarm.com moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and (6), which Bank opposed. Bank also sought leave to amend the complaint if the district court granted the motion. Shortly after briefing on the motion was completed, the district court issued the following text order: "ORDER granting [15] Motion to Dismiss. So Ordered by Judge William F. Kuntz, II on 2/4/2020." J. App'x at 19. The court subsequently entered judgment and did not issue a written order, opinion, or otherwise provide any reasoning for its decision. On

2

appeal, Bank argues only that the district court improperly dismissed his complaint without providing any reasoning for its decision. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, although he is proceeding *pro se*, Bank is a licensed attorney and is not entitled to any special solicitude. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). The reason that we often afford special solicitude to *pro se* litigants is because they "generally lack legal training and experience." *Id.* at 103. But those concerns are not animated where, as here, the *pro se* party is a lawyer.

Moving on, we review *de novo* the dismissal of a complaint pursuant to Rules 12(b)(1) and 12(b)(6). *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that although "a court must accept as true all of the allegations contained in a complaint," this tenet is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

Bank's argument that the district court erred in dismissing his complaint without providing any reasoning for its decision is meritless. As Alarm.com points out, the Federal Rules of Civil Procedure expressly do *not* require district courts to provide reasoning when they decide Rule 12 motions. Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 . . . ."). And Bank fails to identify any binding precedent requiring district courts to provide reasoning for such determinations. Further, this Court and

3

other circuits have affirmed Rule 12 and 56 dismissals where the district court failed to explain its reasoning. *See, e.g.*, *Watkins v. City of New York*, 768 F. App'x 101, 102 (2d Cir. 2019); *see also Barry v. Moran*, 661 F.3d 696, 702 n.9 (1st Cir. 2011); *Townsend v. BAC Home Loans Servicing, L.P.*, 461 F. App'x 367, 372 (5th Cir. 2011); *Thibodeaux v. Belleque*, 320 F. App'x 818, 818 (9th Cir. 2009). To be sure, the better practice, and the norm in this Circuit, is for district courts to provide at least some explanation when dismissing a complaint – for the benefit of the parties and for the reviewing court on appeal – and we certainly hope that summary dismissals of this sort will continue to be the exception, not the rule, among judges. Nevertheless, on the record before us, it cannot be said that the district court erred in its dismissal of Bank's claims.

For his part, Bank has waived any challenge to the merits of the district court's dismissal because his briefs ignore that point other than to attempt to incorporate by reference the arguments he raised in the district court. *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013) ("Appellants do not preserve questions for appellate review by merely incorporating an argument made to the district court by reference in their brief." (internal brackets and quotation marks omitted)); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). And even then, Bank did not describe those arguments or even include his memorandum of law in opposition to Alarm.com's motion to dismiss in the appellate appendix.

But even if we were to exercise our discretion and address the merits of the arguments Bank raised below, we would still affirm the district court's order because Bank failed to plausibly allege a claim for relief. *See Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) (stating that this Court "may affirm on any ground that finds support in the record"). Specifically, Bank failed

4

to allege that either Alliance or Alarm.com initiated the phone calls of which he complains, which is fatal to each of his claims. *See* 47 U.S.C. § 227(b)(1)(B) (prohibiting any person from "initiat[ing] any telephone call . . . using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party"); 47 C.F.R. § 64.1200(c)(2) (prohibiting any person or entity from "initiat[ing] any telephone solicitation to" a subscriber to the national do-not-call registry); N.Y. Gen. Bus. Law § 399-p(3)(a) (requiring phone calls placed using an automatic dialing system to give certain information, such as "the name of the person or on whose behalf the message is being transmitted"). Although Bank argued that certain details about the phone calls are not required to be alleged at the pleading stage, he failed to allege *any* facts permitting an inference that either Alliance or Alarm.com initiated the phone calls of which he complains, that the calls were made on Alarm.com's behalf, or that Alarm.com was otherwise connected to those calls. Because he did not allege that Alarm.com is liable for, or even connected to, the harm of which he complains, he failed to state a claim against it. *Iqbal*, 556 U.S. at 678 (holding that a complaint's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

And while leave to amend is often freely granted pursuant to Federal Rule of Civil Procedure 15(a), we cannot say that the district court abused its discretion in denying leave here. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). After all, Bank had already amended his complaint once (having done so in response to Alarm.com's request for permission to file a motion to dismiss), and he has failed to identify any additional allegations he would add to a second amended complaint to plead a claim for relief. The district court was therefore permitted to exercise its discretion to deny Bank yet another bite at the apple. *See*

5

*TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 506 (2d Cir. 2014) (affirming a district court's denial of leave to amend where the plaintiff had "already amended its complaint once" and had "failed to specify how it could cure its pleading deficiencies").

     We have considered all of Bank's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court